O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL W. BAKER,<br><br>    Plaintiff,<br><br>    vs.<br><br>MICHELE RODRIGUEZ; BRAD CARRINGTON; T. JANSEN; DANNY MOORHOUSE; SANDRA HUTCHENS, ORANGE COUNTY SHERIFF; ORANGE COUNTY SHERIFF'S DEPARTMENT; COUNTY OF ORANGE; and DOES 1-10, INCLUSIVE.<br><br>    Defendants. | CASE NO. SACV 11-00138-JST (PJWx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

Before the Court is a Motion to Dismiss filed by Defendants County of Orange ("County"), Orange County Sheriff's Department ("Sheriff's Department"), Sheriff Sandra Hutchens, Sergeant Tim Jansen, Deputy Brad Carrington, and Deputy Michele Rodriguez ("individual Defendants") (collectively, "Defendants").  (Mot., Doc. 19.)  Defendants move to dismiss Plaintiff's First Amended Complaint ("FAC") for failure to set forth allegations sufficient to support a claim.  (Id. at 2.)  Having reviewed the parties' papers and heard oral argument, the Court GRANTS IN PART AND DENIES IN PART Defendants' Motion.

## BACKGROUND

Plaintiff asserts five claims against the moving Defendants[1]: (1) a claim under 42 U.S.C. § 1983 ("§ 1983") for violation of Plaintiff's Fourth and Fourteenth Amendment rights, (2) a § 1983 claim for conspiracy to violate Plaintiff's Fourth and Fourteenth Amendment rights, (3) a state law claim for false imprisonment, (4) a state law claim for intentional infliction of emotional distress, and (5) a state law claim for negligent infliction of emotional distress.

There is a common factual basis for all of Plaintiff's claims.  Plaintiff alleges that on August 21, 2009, he entered the property located at 4 Bastia, Laguna Niguel, California ("the Property") to seek assistance because his car would not start.  (FAC ¶¶ 13-14, 16.) He alleges that he believed a friend's girlfriend lived at the Property (Id. at ¶ 15), but the Property actually belonged to Defendant Danny Moorhouse ("Moorhouse"), who placed Plaintiff under a citizen's arrest and called 911 (Id. at ¶¶ 12-13, 27.)  Allegedly, Plaintiff told both Deputy Rodriguez and Moorhouse his reasons for entering the Property and denied intent to commit a crime on the Property.  (Id. at ¶¶ 13-16.)  Nonetheless, he alleges, Deputy Rodriguez accepted the citizen's arrest, handcuffed Plaintiff, and placed

---

[1] Plaintiff also asserts a separate false arrest claim only against Defendant Danny Moorhouse, who is not a moving Defendant here.

2

him in the back of her and Deputy Carrington's patrol car. (Id. at ¶ 17.) The Deputies then transported Plaintiff to his car, where they tried to start his vehicle and confirmed that it would not start. (Id. at ¶¶ 20-21.) The Deputies subsequently conducted a search of Plaintiff's car (Id. at ¶ 22), then Deputy Rodriguez re-arrested Plaintiff and transported him to the Orange County Jail.[2] (Id. at ¶¶ 22, 24.)

Plaintiff further alleges that an audio/video camera located on the patrol vehicle captured Plaintiff's conversations with Deputies Rodriguez and Carrington regarding his car and the recording confirmed that a Deputy attempted to start his car but it would not start. (Id. at ¶¶ 20-21.) Nonetheless, Plaintiff alleges, the police report written by Deputy Rodriguez and approved by Deputy Carrington did not list the audio/video recording or Moorhouse's 911 call. (Id. at ¶¶ 25, 27-28.) This report was subsequently approved by Sergeant Jansen, who was vested with the authority to approve police reports by Sheriff Hutchens, on behalf of the County of Orange. (Id. at ¶ 29.) After Plaintiff was arrested and booked at the Orange County Jail, he was charged with felony burglary and bail was set at $50,000. (Id. at ¶¶ 24, 26.) Then, before his arraignment on August 24, 2009, Plaintiff alleges Deputy Carrington executed a declaration in support of increasing bail to $100,000. (Id. at ¶ 32.)

Plaintiff alleges that, at a hearing in state court on September 4, 2009, Deputy Rodriguez testified that no one from the Sheriff's Department had tried to start Plaintiff's vehicle. (Id. at ¶ 38.) Subsequently, during Plaintiff's trial, Deputy Rodriguez testified that no attempt was made to determine whether Plaintiff's car would start and then later admitted that an audio/video recording of the events existed. (Id. at ¶¶ 39-40.) Plaintiff alleges that as a result of Deputy Rodriguez's testimony, the audio/video recording was

---

[2] The FAC does not allege that Plaintiff was released from arrest while Deputies Carrington and Rodriguez attempted to start his car. However, the inference from the allegation that he was "again arrested" after a search of his car (FAC ¶ 24) combined with Plaintiff's admission in his Opposition that drugs were found in his car (Pl.'s Opp'n, Doc. 25, at 5) is that his re-arrest was at least in part due to the discovery of drugs in his car.

3

produced by the prosecution. (Id. at ¶ 42.)  Because the audio/video recording corroborated Plaintiff's statements that his car would not start, Plaintiff alleges, the prosecution moved to dismiss the burglary case against Plaintiff and the Court granted the motion. (Id. at ¶ 43.)  As of the time of dismissal, Plaintiff had allegedly spent nearly six months incarcerated in the Orange County Jail. (Id. at ¶ 44.)

The minutes of Plaintiff's criminal trial reflect that the prosecution dismissed the case against Plaintiff as a result of the "new discovery" of the audio/video recording. (Request for Judicial Notice, "RJN," Doc. 21, Ex. A at 26.)[3]  At the same time the prosecution dismissed the case, Plaintiff agreed to admit that there was probable cause for his arrest, and formally admitted the same. (Id.)  In his Opposition, however, Plaintiff states that this admission is confusing because at the same time he was arrested for burglary, he was arrested for a drug charge after drugs were found in his car. (Pl.'s Opp'n., Doc. 25, at 5.)

**LEGAL STANDARD**

When evaluating a Rule 12(b)(6) motion, the Court must accept as true all allegations of material facts that are in the complaint and must construe all inferences in the light most favorable to the non-moving party. *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  "Specific legal theories need not be pleaded so long as sufficient factual averments show that the claimant may be entitled to some relief." *Fontana v. Haskin*, 262 F.3d 871, 877 (9th Cir. 2001).  Dismissal of a complaint for failure to state a claim is not

---

[3] Defendants filed a request for judicial notice in support of their Motion, asking the Court to take notice of the Certified Minutes in *People v. Baker*, Case No. 09SF0800 F A.  Defendants' request is GRANTED, as the contents of these documents are "not subject to reasonable dispute" in that they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201.

4

proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks and citation omitted).

## DISCUSSION

### I. § 1983 Claims

Plaintiff alleges that Defendants violated his Fourth Amendment right to be free from unreasonable search and seizure and his Fourteenth Amendment right to due process. (FAC ¶ 47-48.) Specifically, he alleges that he was wrongfully arrested and confined for six months. (Id. at ¶ 53.) While Plaintiff cites §1985 rather than § 1983 in the FAC, (Id. at ¶ 54), the Court finds that the facts plead a claim under § 1983 for violation of Plaintiff's Fourteenth Amendment rights and a claim for conspiracy to violate Plaintiff's Fourteenth Amendment rights under § 1983, but only as to Deputies Rodriguez and Carrington.

#### a. Violation of Plaintiff's Fourth and Fourteenth Amendment Rights

The FAC suggests three separate time periods during which Plaintiff's constitutional rights may have been violated. The inference from the FAC is that Plaintiff was arrested *twice* on or about August 21, 2009. First, Deputy Rodriguez arrested Plaintiff when she accepted the citizen's arrest from Moorhouse. (Id. at ¶ 17.) Second, Deputy Rodriguez "again arrested" Plaintiff after a search of his car. (Id. at ¶ 24.) Finally, Plaintiff also alleges he was incarcerated for six months before Deputy Carrington turned over the audio/video recording and the state court dismissed the burglary charge. (Id. at ¶ 44.)

### 1. Violation of Plaintiff's Fourth Amendment Rights

"In order to satisfy the requirements of the Fourth Amendment, an arrest must be supported by probable cause to believe that the arrestee has committed a crime." *Allen v. City of Portland*, 73 F.3d 232, 236 (9th Cir. 1995). "Probable cause exists when, at the time of arrest, the agents know reasonably trustworthy information sufficient to warrant a prudent person in believing that the accused had committed or was committing an offense." *Id.* (internal citation and quotation omitted). "In establishing probable cause, officers may not solely rely on the claim of a citizen witness that he was a victim of a crime, but must independently investigate the basis of the witness' knowledge or interview other witnesses." *Arpin v. Santa Clara County Tranps. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

Here, Plaintiff does not plead facts showing that Deputies Rodriguez and Carrington lacked probable cause to arrest him. Plaintiff admits in the FAC that he entered the Property that was not his own. (FAC ¶ 15.) Furthermore, when Deputies Rodriguez and Carrington accepted the citizen's arrest, Plaintiff was located on the Property, which independently corroborated Moorhouse's story. (Id. at ¶¶ 12-17.) While Plaintiff denied any intent to commit a crime, Deputies Rodriguez and Carrington heard Plaintiff's story before accepting the citizen's arrest. (Id. at ¶¶ 13-17.) *Cf. Arpin*, 261 F.3d at 925 (officers failed to independently investigate the citizen witness' claim of battery where they refused to allow plaintiff to explain her side of the story). Because, based on the facts pleaded by Plaintiff, Deputies Rodriguez and Carrington had an independent basis to believe that Plaintiff was committing a crime on the Property, they had probable cause to arrest him.

Plaintiff also alleges that he was "arrested again" after Deputies searched his car. (FAC ¶ 24.) Plaintiff's also admits in his Opposition that he was arrested on a drug charge following the discovery of drugs in his car. (Pl.'s Opp'n at 5.) Taken together and drawing the inference most favorable to Plaintiff, these facts show that Deputies Rodriguez and Carrington had probable cause to arrest Plaintiff. Therefore, Plaintiff does not, and in

light of the facts already pleaded, cannot plead facts sufficient to establish that either arrest, to the extent they need to be analyzed separately, violated his Fourth Amendment rights.   Therefore, Plaintiff's § 1983 claim for violation of his Fourth Amendment rights based on lack of probable cause is dismissed with prejudice.

### 2. Violation of Plaintiff's Fourteenth Amendment Rights

Plaintiff alleges facts sufficient to establish that Defendants Rodriguez and Carrington violated his Fourteenth Amendment rights by concealing exculpatory evidence until the middle of his trial.  (FAC ¶¶ 48, 53.)  "[T]he loss of liberty caused by an individual's mistaken incarceration after the lapse of a certain amount of time gives rise to a claim under the Due Process Clause of the Fourteenth Amendment." *Lee v. City of Los Angeles*, 250 F.3d 668, 683 (9th Cir. 2001) (internal citation and quotation omitted). Specifically, where state actors recklessly or intentionally cause the continued incarceration of a person for whom there is not probable cause to maintain confinement, there is a violation of the Due Process Clause. *See id.* at 683-84. (citing cases holding that the continued detention of the plaintiff where the sheriff or police officer knew or should have known it was wrongful states a claim under § 1983).   This is true when officers refuse to investigate available exculpatory evidence. *Russo v. Bridgeport*, 479 F.3d 196, 208 (2d Cir. 2007).[4]

Here, Plaintiff alleges that the Defendants withheld exculpatory evidence leading to six months of confinement.  The FAC and Plaintiff's Opposition generate some confusion as to whether Plaintiff would have been detained for some period of time on the drug charges.  However, drawing the inference most favorable to Plaintiff, the Court finds that Plaintiff alleges facts that establish that he would not have been detained for six months

---

[4] The Second Circuit held that prolonged detention cases are more properly analyzed under the Fourth, rather than Fourteenth, Amendment. *Id.* at 209.  However, because the Ninth Circuit in *Lee* analyzed continued detention under the Fourteenth Amendment, the Court will do the same. 250 F.3d at 683.

had Deputies Rodriguez and Carrington listed the audio/video recording in the police report or otherwise turned over that evidence earlier.

### b. Conspiracy to Violate Plaintiff's Constitutional Rights

"To establish liability for a conspiracy in a § 1983 case, a plaintiff must demonstrate the existence of an agreement or meeting of the minds to violate constitutional rights." *Crowe v. Cnty. of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (internal citations and quotations omitted). "Such an agreement need not be overt, and may be inferred on the basis of circumstantial evidence such as the actions of the defendants." *Id*.

Here, Plaintiff impliedly alleges that both Deputies Rodriguez and Carrington knew about the exculpatory audio/video recordings because they were present when the patrol car camera captured the events. (FAC ¶¶ 18-20.) Deputy Rodriguez failed to list the evidence in her police report (Id. at ¶ 27) and Deputy Carrington approved that report (Id. at ¶ 28). Furthermore, Plaintiff alleges that Deputy Carrington executed a declaration to increase Plaintiff's bail, (Id. at ¶ 32), and Deputy Rodriguez falsely testified that no one from the Sheriff's Department had tried to start Plaintiff's car. (Id. at ¶ 39.)

These allegations support the existence of a conspiracy between Deputies Rodriguez and Carrington to violate Plaintiff's Fourteenth Amendment right to be free from incarceration. While Plaintiff does not allege that the Deputies overtly agreed to violate his constitutional rights, his allegations that (1) Deputy Rodriguez prepared a report excluding the audio/video recordings that Deputy Carrington approved, (2) they both knew about and withheld the exculpatory evidence, (3) Deputy Carrington executed a declaration in support of an increase in bail, in furtherance of the conspiracy, and (4) Deputy Rodriguez testified falsely in furtherance of the conspiracy establish a "common objective." *See United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1541 (9th Cir. 1989). Thus, Plaintiff states a claim for conspiracy against Deputies Rodriguez and Carrington. However, there are no allegations that any of the other Defendants knew about the audio/video recording, and thus, Plaintiff fails to sufficiently state a conspiracy

claim against any other individual defendant. Thus, as to the individual defendants other than Rodriguez and Carrington, the §1983 conspiracy claim is dismissed with leave to amend.

### c.  Qualified Immunity

"In § 1983 actions, the doctrine of qualified immunity protects city officials from personal liability in their individual capacities for their official conduct so long as that conduct is objectively reasonable and does not violate clearly-established federal rights." *Comm. House, Inc. v. City of Boise*, 623 F.3d 945, 964 (9th Cir. 2010) (internal citations omitted). Here, Plaintiff had a clearly-established right to be free from prolonged detention as a result of suppression of exculpatory evidence. *See Lee*, 250 F.3d at 683-84. *See also Russo*, 479 F.3d at 211 (noting a "clearly-established constitutional right to be free from prolonged detention caused by law enforcement officials' mishandling or suppression of evidence in a manner which 'shocks the conscience.'") Therefore, Deputies Rodriguez and Carrington are not entitled to qualified immunity based on the allegations in the FAC.

### d.  § 1983 Claims against Sergeant Jansen

There is no respondeat superior liability under § 1983. *Iqbal*, 129 S. Ct. at 1948. Therefore, to state a claim against Sergeant Jansen, Plaintiff must allege facts which establish that Sergeant Jansen personally violated his rights. However, Sergeant Jansen is only alleged to have approved the police report, which did not list the audio/video recording, (FAC ¶ 29), and to have known that audio/video recordings must be preserved whether listed in the police report or not (Id. at ¶ 35). Plaintiff does not allege, however, that Sergeant Jansen knew or should have known that an audio/video recording existed in this case. Accordingly, Plaintiff's § 1983 claims for violation of Plaintiff's Fourteenth Amendment rights against Sergeant Jansen are dismissed without prejudice.

### e.  § 1983 Claims against Sheriff Hutchens

Plaintiff's allegations as to Sheriff Hutchens' involvement in his arrest and incarceration are minimal. He alleges that Sheriff Hutchens vested in Sergeant Jansen the authority to approve the police report. (Id. at ¶ 29.) He also alleges that she is responsible for implementing the policy and procedures of the Sheriff's Department, including proper training of deputies. (Id. at ¶ 57.) However, there are no allegations of her personal knowledge or involvement of any of the facts in this case. Moreover, to the extent her liability is based on her failure to properly train deputies, as Plaintiff argues in his Opposition, (Pl.'s Opp'n. at 6-7), Plaintiff's allegation that Deputies Rodriguez and Carrington knew the Sheriff's Department policy with regard to disclosure of audio/video recordings directly contradicts this argument. (FAC ¶ 35.) Therefore, Plaintiff's § 1983 claims for violation of Plaintiff's Fourteenth Amendment rights against Sheriff Hutchens are dismissed without prejudice.

### f. § 1983 Claims against the Sheriff's Department

A claim under § 1983 against the Sheriff's Department is improper because "municipal police departments and bureaus are generally not considered 'persons' within the meaning of 42 U.S.C. § 1983." *United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005). Therefore, the § 1983 claims against the Sheriff's Department are dismissed with prejudice.

### g. Municipal Liability

Under *Monell v. New York City Department of Social Services*, a municipality may be liable under § 1983 if a plaintiff identifies a municipal policy or custom underlying its employees' actions. 436 U.S. 658, 694 (1978). The Ninth Circuit has held that "a claim of municipal liability under section 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice." *Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007). Other district courts have noted persuasively that "[i]n light of *Iqbal*, it would seem that the prior Ninth Circuit pleading standard for *Monell* claims (i.e.,

'bare allegations') is no longer viable." *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009).   The Court agrees that after *Iqbal*, something more than a "bare allegation" is required.

Here, Plaintiff's allegations of an official policy, custom, or practice are both "bare" and contradictory.  First, the FAC alleges that it was the policy and procedure of the County and Sheriff's Department "that all investigative reports, arrest reports and police reports concerning the arrest of one accused of a crime include all items of evidence concerning that alleged crime."  (FAC ¶ 56.)  Second, Plaintiff alleges a failure to properly train employees to comply with policies and procedures.  (Id. at ¶ 73.)  This allegation, however, directly contradicts Plaintiff's allegation that all Defendants, including Deputies Rodriguez and Carrington, knew they had a duty to disclose in their police reports and turn over exculpatory evidence, including audio/video recordings.  (Id. at ¶ 35.)  Because Plaintiff makes such contradictory allegations, the FAC does not sufficiently identify the challenged policy, custom, or practice.  *See Young*, 687 F. Supp. 2d at 1149 (holding that allegations must identify the challenged policy/custom to pass muster under *Iqbal*).  Therefore, Plaintiff's § 1983 claims for violation of Plaintiff's Fourteenth Amendment rights against the County are dismissed without prejudice.

## II.     State Law Claims

### a.  Municipal Immunity

To the extent that each of the individual Defendants is immune from state tort Claims, the municipal Defendants also have immunity.  Under California Government Code § 815.2, "a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability."  Therefore, if the individual Defendants are immune, the County and the Sheriff's Department must also be immune.

### b.  False Imprisonment

Under California law, the elements of false imprisonment are "(1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief." *Blaxland v. Commonwealth Dir. of Pub. Prosecutions*, 323 F.3d 1198, 1205 (9th Cir. 2003). (internal citation and quotation omitted). However, a law enforcement officer who effects a lawful arrest is not liable for false imprisonment under California law. *Cervantes v. United States*, 330 F.3d 1186, 1188 (9th Cir. 2003).

Plaintiff fails to state a claim for false imprisonment based on his arrest because he does not allege facts showing that his arrest was unlawful. Deputy Rodriguez initially took him into custody after accepting Moorhouse's citizen's arrest, (FAC ¶ 17), a factual scenario that cannot give rise to a claim for false imprisonment under California law. *Arpin*, 261 F.3d at 920-21. When Deputy Rodriguez "again arrested" Plaintiff, she had probable cause to arrest because she had discovered drugs in his car. Therefore, Plaintiff does not plead facts that establish that his initial arrest(s) were unlawful.

Furthermore, where a Plaintiff is wrongfully confined pursuant to an initially valid arrest, the correct claim is malicious prosecution,[5] not false imprisonment. *Collins v. City and Cnty. of San Francisco*, 123 Cal. Rptr. 525, 528 (Cal. App. 1st 1975) *See also Russo*, 479 F.3d at 204 n.8 (affirming the dismissal of false imprisonment claims under similar facts and similar state law). Therefore, Plaintiff fails to state a claim for false imprisonment, and that claim is dismissed with prejudice.

---

[5] While malicious prosecution would appear to be the correct claim, the Court notes that all individual Defendants here would be immune from a claim for malicious prosecution. California Government Code § 821.6 shields a public employee from liability "for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously or without probable cause." *See also Cousins v. Lockyer*, 568 F.3d 1063, 1071 (9th Cir. 2009) ("[M]alicious prosecution . . . is a claim for which government officers are immune under California Government Code § 821.6).

      **c. Intentional Infliction of Emotional Distress**

      Plaintiff fails to state a claim for intentional infliction of emotional distress against any of the individual Defendants because each is entitled to immunity under California law.  Deputies Carrington and Rodriguez, Sergeant Jansen, and Sheriff Hutchens are all immune from liability for intentional infliction of emotional distress under California Government Code § 821.6.  This statute primarily applies to actions for malicious prosecution, but extends to claims based on acts undertaken during the investigatory phase of proceedings, including the withholding of exculpatory evidence.  *Amylou R. v. Cnty. of Riverside*, 34 Cal.Rptr.2d 319 (Cal.App. 4th 1994); *Randle v. City and Cnty. of San Francisco*, 230 Cal.Rptr. 901, 905-06 (Cal.App. 1st 1986).  *Cf. Blankenhorn v. City of Orange*, 485 F.3d 463, 488 (9th Cir. 2007) (police officers not immune for acts undertaken during the arrest, rather than investigation, of plaintiff).

      Here, the operative allegations supporting Plaintiff's intentional infliction of emotional distress claim against the officers are his allegedly wrongful arrest and wrongful confinement brought about by officers' conspiracy to conceal exculpatory evidence, Deputy Carrington's declaration in support of increased bail, and Deputy Rodriguez's alleged perjury during Plaintiff's trial.  Each of these acts constitutes part of the investigation into Plaintiff's guilt, even if they were done maliciously. Therefore, Deputy Carrington, Deputy Rodriguez, Sergeant Jansen, and Sheriff Hutchens are immune from liability for intentional infliction of emotional distress under § 821.6.  Because the individual Defendants are immune, the County and Sheriff's Department are also immune.  Therefore, Plaintiff's intentional infliction of emotional distress claim is dismissed with prejudice.

      **d. Negligent Infliction of Emotional Distress**

      Plaintiff fails to state a claim for negligent infliction of emotional distress against all Defendants for the same reasons he fails to state a claim for intentional infliction of

13

emotional distress.  Therefore, Plaintiff's claim for negligent infliction of emotional distress is dismissed with prejudice.

**III.   Conclusion**

For the foregoing reasons, Defendants' Motion is DENIED IN PART and GRANTED IN PART.

    I.     Plaintiff's § 1983 claims against the Sheriff's Department are DISMISSED WITH PREJUDICE.

    II.    Plaintiff's § 1983 claims for violation of his Fourth Amendment rights based on lack of probable cause for arrest and conspiracy to violate his Fourth Amendment rights are DISMISSED WITH PREJUDICE as to all moving Defendants.

    III.   Plaintiff's § 1983 claim for violation of his Fourteenth Amendment rights is DISMISSED WITH LEAVETO AMEND as to Sergeant Jansen, Sheriff Hutchens, and the County.

    IV.   Plaintiff's § 1983 claim for conspiracy to violate his Fourteenth Amendment rights is DISMISSED WITH LEAVE TO AMEND as to Sergeant Jansen, Sheriff Hutchens, and the County.

    V.    Plaintiff's false imprisonment claim is DISMISSED WITH PREJUDICE as to all moving Defendants.

1     VI.    Plaintiff's intentional infliction of emotional distress claim is DISMISSED WITH PREJUDICE as to all moving Defendants.

VII.    Plaintiff's negligent infliction of emotional distress claim is DISMISSED WITH PREJUDICE as to all moving Defendants.

Plaintiff may file an amended complaint consistent with this Order no later than **October 24, 2011**.

DATED: September 29, 2011

                                  **JOSEPHINE STATON TUCKER**
                                  JOSEPHINE STATON TUCKER
                                  UNITED STATES DISTRICT JUDGE