O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael W. Baker,<br><br>     Plaintiff,<br><br>     vs.<br><br>Michele Rodriguez, et al.,<br><br>     Defendants. | CASE NO. SACV 11-138-JST (PJWx)<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART COUNTY DEFENDANTS' MOTION TO DISMISS; (2) GRANTING DEFENDANT MOORHOUSE'S MOTION TO STRIKE; AND (3) DENYING DEFENDANT MOORHOUSE'S MOTION TO DISMISS** |

Before the Court are three motions: (1) a Motion to Dismiss Plaintiff's Second Amended Complaint (Mot., Doc. 34) filed by Defendants County of Orange ("County"), Sheriff Sandra Hutchens ("Sheriff Hutchens"), Sergeant Tim Jansen ("Jansen"), Deputy Brad Carrington ("Carrington"), Deputy Michele Rodriguez ("Rodriguez"), and Deputy Michael Thompson ("Thompson") (collectively "County Defendants") (County Mot., Doc. 41); (2) a Motion to Strike Portions of Plaintiff's Second Amended Complaint filed by Defendant Danny Moorhouse ("Moorhouse") (Moorhouse Mot. to Strike, Doc. 42); and (3) a Motion to Dismiss Plaintiff's Second Amended Complaint filed by Defendant Moorhouse (Moorhouse Mot. to Dismiss, Doc. 43). The parties filed their respective Oppositions and Replies. Having read and considered the papers and taken the matter under submission, the Court DENIES IN PART and GRANTS IN PART County Defendants' Motion to Dismiss, GRANTS Defendant Moorhouse's Motion to Strike, and DENIES Defendant Moorhouse's Motion to Dismiss.

**BACKGROUND**

Plaintiff's Second Amended Complaint ("SAC") asserts two claims against the County Defendants: (1) a claim under 42 U.S.C. § 1983 ("§ 1983") for violation of Plaintiff's Fourteenth Amendment rights against all County Defendants, and (2) a § 1983 claim for conspiracy to violate Plaintiff's Fourteenth Amendment rights against Jansen, Thompson, Rodriguez, and Carrington. Plaintiff's SAC asserts three state law claims against Defendant Moorhouse: (1) false imprisonment, (2) false arrest, and (3) negligent infliction of emotional distress. (SAC, Doc. 34.)

The following factual allegations form the basis for all of Plaintiff's claims. Plaintiff alleges that on August 21, 2009, he entered the property located at 4 Bastia, Laguna Niguel, California ("the Property") belonging to Defendant Moorhouse. (SAC ¶ 13.) Defendant Moorhouse then detained and arrested Plaintiff, and called 911. (*Id.* ¶¶ 12, 28-29.) Plaintiff informed Defendant Moorhouse, and Defendants Rodriguez and

2

1  Carrington, that his car would not start and had run out of gas, that he went to the Property
2  to obtain assistance in starting his car because he believed a male friend's girlfriend lived
3  at the Property, and that he had dropped off the male friend at the Property the night
4  before. (*Id.* ¶¶ 14-16.) At some point before Defendant Moorhouse executed a citizen's
5  arrest (the "Citizen's Arrest") and Defendant Rodriguez accepted the Citizen's Arrest,
6  Defendant Moorhouse spoke to Defendant Thompson, who informed Defendant
7  Moorhouse that he would do his best to keep Plaintiff in jail. (*Id.* ¶¶ 17-18.)

8        Once Defendant Rodriguez accepted the Citizen's Arrest, she took Plaintiff into
9  custody, handcuffing him and placing him in the back seat of her and Defendant
10 Carrington's patrol vehicle (the "Patrol Vehicle"). (*Id.* ¶ 18.) Another deputy who is not a
11 Defendant, Deputy Rehnelt, located Plaintiff's car less than a quarter mile away from the
12 Property. (*Id.* ¶ 19.) By the time the Patrol Vehicle reached Plaintiff's vehicle, the
13 audio/video camera located on the Patrol Vehicle had been turned on. (*Id.* ¶ 20.) This
14 camera captured and recorded an Orange County Sheriff's Deputy attempting to start
15 Plaintiff's car, but the car would not start. (*Id.* ¶ 21.) Defendants Rodriguez and
16 Carrington were aware that the car would not start and that the camera had been turned on.
17 (*Id.* ¶ 22.)

18       After Plaintiff's car was searched and seized by Defendants Rodriguez and
19 Carrington, Plaintiff was again arrested by Defendant Rodriguez, apparently on drug-
20 related charges.[1] (*Id.* ¶ 25.) Plaintiff was then transported to the Orange County Jail,
21 where his bail was set at $50,000 based on his arrest for burglary. (*Id.* ¶ 25.) Had he been
22 arrested only for a drug-related charge, his bail would not have been set at $50,000, and he
23 would have qualified for diversion into a drug-treatment program. (*Id.* ¶ 27.)

---

26    [1] The inference from Plaintiff's allegation that he was "again arrested" after a search of his car,
27 combined with his allegation that his bail would have been set lower if based only on a drug-
related arrest is that he was arrested at least partially on the basis of a drug-related violation.
(SAC ¶¶ 25, 27.)
28

Following the arrest, Defendant Rodriguez prepared, and Defendant Carrington approved, a police report (the "Police Report"), which failed to list or reference the audio/video recording from the Patrol Vehicle ("the Recording") or Defendant Moorhouse's 911 call. (*Id.* ¶¶ 26, 28-29.) Defendant Jansen, who knew of the existence of the Recording and the 911 call and knew the Police Report contained an incomplete list of evidence, also approved the Police Report. (*Id.* ¶¶ 30-31.)

The Police Report was submitted to the Orange County District Attorney's Office and a felony complaint for residential burglary was filed against Plaintiff. (*Id.* ¶ 32.) Plaintiff was arraigned on August 24, 2009, and his bail was increased to $100,000, at least partly on the basis of a declaration executed by Defendant Carrington in support of such an increase. (*Id.* ¶ 33.) Plaintiff alleges that, at a hearing in state court on September 4, 2009, Defendant Rodriguez testified that no one from the Sheriff's Department had tried to start Plaintiff's vehicle. (*Id.* ¶ 39.) Subsequently, during Plaintiff's trial, Defendant Rodriguez testified that no attempt was made to determine whether Plaintiff's car would start and then later admitted that an audio/video recording of the events existed. (*Id.* ¶¶ 40-41.) Plaintiff alleges that, as a result of Defendant Rodriguez's testimony, the audio/video recording was produced by Defendant Carrington to the prosecution, and reviewed by Plaintiff's defense counsel. (*Id.* ¶ 43.) Because the audio/video recording corroborated Plaintiff's statements that his car would not start, Plaintiff alleges, the prosecution moved to dismiss the burglary case against Plaintiff and the Court granted the motion. (*Id.* ¶ 44.) As of the time of dismissal, Plaintiff had allegedly spent nearly six months incarcerated in the Orange County Jail. (*Id.* ¶ 45.)

**LEGAL STANDARDS**

I. *Motion to Dismiss*

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 612,

4

129 S. Ct. 1937, 1949-50 (2009).  Rule 12(b)(6) is read in conjunction with Federal Rule of Civil Procedure 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556).  A complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  "Although for the purposes of a motion to dismiss [the Court] must take all of the factual allegations in the complaint as true, [it] '[is] not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 129 S. Ct. at 1949-50 (quoting *Twombly*, 550 U.S. at 555).

**II.** *Motion to Strike*

Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)).

"[M]otions to strike, as a general rule, are disfavored." *Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distribs. Pty. Ltd.*, 647 F.2d 200, 201 (D.C. Cir. 1981). This is because they are "often used as delaying tactics, and because of the limited importance of pleadings in federal practice." *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996) (quoting Schwarzer, et al., *Federal Civil Procedure* § 9:375). "[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Lilley v. Charren*, 936 F. Supp. 708, 713 (N.D. Cal. 1996).

**DISCUSSION**

    **I.** *County Defendants' Motion to Dismiss*

        a. <u>§ 1983 Claims for Violation of Civil Rights and Conspiracy to Violate Civil Rights</u>

Plaintiff alleges that the County Defendants violated his Fourteenth Amendment right to be free from "unreasonable search and seizure . . . without due process of law." (SAC ¶ 48.) Defendants assert that Plaintiff fails to allege facts that state any constitutional violation. (County Mot. at 3-9.) The Court concludes that Plaintiff states a claim for the federal constitutional tort of malicious prosecution, because he alleges facts which, if proven, could show that the prosecution was conducted to deprive him of liberty without due process. *Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir. 1985).

To state a § 1983 claim, Plaintiff must claim that he was "deprived of liberty: (1) under color of law and (2) without due process under the Fourteenth Amendment." *Bretz*, 773 F.2d at 1030. The Ninth Circuit stated in *Bretz* that "malicious prosecution generally does not constitute a deprivation of liberty without due process of law and is not a federal constitutional tort if process is available within the state judicial systems to remedy such wrongs." *Id.* at 1031. However, "an exception exists to the general rule when a malicious prosecution is conducted with the intent to deprive a person of equal

1  protection of the laws or is otherwise intended to subject a person to a denial of
2  constitutional rights." *Id.*  The facts of *Bretz* are instructive.  In that case, there was an
3  "alleged conspiracy . . . to convict the plaintiff on groundless charges and to deny him a
4  fair trial." *Id.*  In furtherance of this conspiracy, "defendants committed perjury,
5  threatened and coerced witnesses, and concealed and falsified evidence." *Id.* at 1027.
6  Though plaintiff was not convicted at trial, the Ninth Circuit found that plaintiff stated a
7  claim under the Fourteenth Amendment.  *Id.*
8      Here, Plaintiff asserts that his factual allegations support the existence of a
9  conspiracy among Defendants to keep him in jail as long as possible.  (Pl.'s Opp'n. at 8,
10 Doc. 46; SAC ¶ 54.)  Specifically, Plaintiff alleges that the individual and combined
11 efforts of Defendants Rodriguez, Carrington, Jansen, and Thompson led to Plaintiff's
12 incarceration for nearly six months, even though he was innocent of burglary.  (SAC ¶ 38.)
13 These individual and combined efforts include the failure to list the Recording and 911 call
14 on the Police Report, the approval of a Police Report known to exclude exculpatory
15 evidence, Defendant Carrington's declaration in support of a bail increase, and Defendant
16 Rodriguez's false statements during Plaintiff's arraignment and trial.  A reasonable
17 inference from these allegations is that Defendants Rodriguez, Carrington, and Jansen
18 intentionally withheld the exculpatory evidence to keep Plaintiff in custody as long as
19 possible.  This inference is further supported by the allegation that Defendant Thompson
20 told Defendant Moorhouse that he would do his best to keep Plaintiff in jail.  These
21 allegations also support the existence of a conspiracy, as they suggest that Defendants
22 Rodriguez, Carrington, Jansen, and Thompson established a common objective of
23 withholding the Recording so that Plaintiff would remain in custody.  *See Crowe v. Cnty.*
24 *of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) ("The plaintiff must show an agreement or
25 meeting of the minds to violate constitutional rights and to be liable, each participant in the
26 conspiracy need not know the exact details of the plan, but each participant must at least
27 share the common objective of the conspiracy.") (internal quotation marks omitted).
28 Accordingly, Plaintiff states a claim for violation of his Fourteenth Amendment rights.

Defendants assert that Defendant Rodriguez's liability cannot be premised on her alleged perjury. (County Mot. at 9.) However, "police officer witnesses are not entitled to absolute witness immunity for perjured . . . testimony that brings about a wrongful prosecution." *Paine v. City of Lompoc*, 265 F.3d 975, 981 n.2 (9th Cir. 2001) (citing *Harris v. Roderick*, 126 F.3d 1189, 1198-99 (9th Cir. 1997) (finding no testimonial immunity for police officers that falsely testified in official reports, before a grand jury, and at plaintiff's trial where they were the ones who created a false story that initiated plaintiff's prosecution)). Here, Plaintiff alleges that Defendant Rodriguez's actions at least in part led to Plaintiff's prosecution. Therefore, Defendant Rodriguez's alleged perjury at his arraignment and trial is a proper factual allegation supporting Plaintiff's claims.

Defendants also assert that any alleged bail increase that led to Plaintiff's incarceration was not proximately caused by Defendant Carrington because a judicial officer's independent judgment is a superseding cause. (County Mot. at 8; Reply at 10-11, Doc. 50.) However, "a police officer may be held responsible for proximately causing bail to be set at a certain level, . . . even if a presumptively independent judicial officer actually set bail." *Morse v. Regents of the Univ. of California, Berkeley*, --- F.Supp.2d----, 2011 WL 1884216, at *4 (N.D. Cal. May 18, 2011). This is true when the natural consequences of the officer's actions are to set bail at a certain level. *Wagenmenn v. Adams*, 829 F.2d 196, 212 (1st Cir. 1987). Here, the natural consequence of Defendant Carrington's declaration and withholding of the Recording was to set bail at a certain level.

The Court therefore concludes that Plaintiff states a § 1983 claim for violation of his Fourteenth Amendment rights and conspiracy to violate his constitutional rights as to those Defendants who knew about the Recording: Defendants Rodriguez, Carrington, Jansen, and Thompson. As to those Defendants, the County Defendants' Motion to Dismiss is DENIED.

b. <u>Liability of the County and Sheriff Hutchens</u>

Under *Monell v. New York City Department of Social Services*, a municipality may be liable under § 1983 if a plaintiff identifies a municipal policy or custom underlying its employees' actions. 436 U.S. 658, 694 (1978). The Ninth Circuit has held that "a claim of municipal liability under § 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice." *Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007) (citation and internal quotation marks omitted). Other district courts have noted persuasively that "[i]n light of *Iqbal*, it would seem that the prior Ninth Circuit pleading standard for *Monell* claims (i.e., 'bare allegations') is no longer viable." *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009). The Court agrees that after *Iqbal*, something more than a "bare allegation" is required.

Here, Plaintiff alleges that the Orange County District Attorney's office requested that the Orange County Sheriff's Department disclose all evidence related to the investigation, but that the Orange County Sheriff's Department employees responsible for responding to the request did not have the proper training to ensure that the Recording was disclosed to the Orange County District Attorney's office. (SAC ¶ 36.) Plaintiff further alleges that this training was so deficient that it became the custom and practice of the Orange County Sheriff's Department not to disclose the existence of an audio/video recording that was not listed on a police report. (*Id.* ¶ 36.) The Court concludes that Plaintiff's failure to train theory of municipal liability is insufficient to support a claim against the County.

"A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011). "To satisfy the statute, a municipality's failure to train its employees in a relevant respect must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.'" *Id.* (citing *Canton v. Harris*, 489 U.S. 378, 388 (1989)). Moreover, "[t]hat a particular officer may be unsatisfactorily trained will not alone suffice

to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program." *Canton*, 489 U.S. at 390-91. Furthermore,

> [n]either will it suffice to prove an injury or accident could have been avoided if an officer had had better or more training, sufficient to equip him to avoid the particular injury-causing conduct. Such a claim could be made about almost any encounter resulting in injury, yet not condemn the adequacy of the program to enable officers to respond properly to the usual and recurring situations with which they must deal.

*Id.* at 391.

Plaintiff's allegations essentially amount to the failure of a particular employee to disclose the existence of the Recording. It is almost axiomatic that if that particular employee in question had been trained specifically to disclose the existence of a recording even if not listed on the Police Report, Plaintiff would not have been charged with burglary. As set forth above, however, this is insufficient to establish municipal liability. Furthermore, Plaintiff's only allegation against Sheriff Hutchens is that she was responsible for the deficient training of employees even though she knew that officers are required to disclose the existence of all evidence in their reports. (SAC ¶¶ 35, 57.) Therefore, because Plaintiff fails to adequately allege a failure to train violation, Plaintiff's allegations are insufficient to state a claim against Sheriff Hutchens. *See Larez v. City of Los Angeles*, 946 F.2d 630, 645 (9th Cir. 1991) (stating that a police chief's official liability requires that the constitutional harm be attributable to official policy or custom).

Accordingly, Plaintiff's SAC is dismissed against the County and Sheriff Hutchens. Because this is Plaintiff's third attempt to plead a claim against these two Defendants, this dismissal is with prejudice.

## II. *Defendant Moorhouse's Motion to Dismiss*

### a. False Arrest / False Imprisonment Claims

Under California law, the elements of false imprisonment are "(1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and 3) for an appreciable period of time, however brief." *Blaxland v. Commonwealth Dir. of Pub. Prosecutions*, 323 F.3d 1198, 1205 (9th Cir. 2003) (internal citation and quotation omitted). Although Plaintiff states a separate claim for false arrest and false imprisonment, "false arrest and false imprisonment are not separate torts." *Moore v. City & Cnty. of San Francisco*, 5 Cal. App. 3d 728, 735 (1970). "False arrest is merely one way of committing a false imprisonment." *Id.*

Defendant Moorhouse asserts that Plaintiff fails to state a false imprisonment claim against him because "[t]he facts pled indicate good cause for moving party to believe a crime was in progress." (Moorhouse Mot. to Dismiss at 2.) However,

> [t]he authority of a private citizen to make an arrest is more limited than that of a peace officer. A peace officer may arrest a person without a warrant whenever he has probable cause to believe that the person has committed a misdemeanor in his presence. A private citizen, however, may arrest another for a misdemeanor only when the offense has actually been committed or attempted in his presence.

*Cervantez v. J.C. Penney, Co.*, 24 Cal. 3d 579, 587 (1979), *superseded by statute on other grounds as recognized by Melendez v. City of Los Angeles*, 63 Cal. App. 4th 1 (1998). A private citizen may also make an arrest "[w]hen the person arrested has committed a felony, although not in his presence" or "[w]hen a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it." Cal. Pen. Code § 837. Therefore, reasonable cause may justify a citizen's arrest if a felony is actually committed. Otherwise, the general rule is that the probable cause standard is inapplicable to a citizen's arrest.

Defendant Moorhouse does not assert that Plaintiff actually committed any public offense, or that a felony was committed by Plaintiff or anyone else. Instead, he asserts that probable cause is sufficient because probable cause is a defense to false arrest and false imprisonment.[2] (Moorhouse Mot. to Dismiss at 2.) In support of this proposition, Defendant Moorhouse cites cases in which probable cause is a defense to false arrest or false imprisonment claims brought against shop owners. *Pool v. City of Oakland*, 42 Cal. 3d 1051 (1986); *Wilson v. County of Los Angeles*, 21 Cal. App. 3d 308 (1971); *see also* Cal. Pen. Code § 490.5(f) (providing that a merchant with probable cause that a person has shoplifted may detain that person for a reasonable time). These "merchant's privilege" cases are plainly inapposite here. Defendant Moorhouse has not shown that he falls within the scope of this exception to the general rule that probable cause does not justify a citizen's arrest.

Moreover, even if probable cause were a defense to a claim of false imprisonment, Defendant Moorhouse fails to show that he had probable cause to arrest Plaintiff. The facts alleged by Plaintiff that Defendant Moorhouse asserts gave rise to probable cause are Plaintiff's unauthorized entry onto Defendant Moorhouse's property and the unlikeliness of Plaintiff's story that his car had run out of gas. (Reply at 2.) These facts are insufficient to establish probable cause to arrest for burglary, which requires entry into a house or

---

[2] Defendant Moorhouse also asserts that probable cause is the correct standard because he was an off-duty peace officer at the time of the arrest. (Reply at 2-3, Doc. 52.) In support of the fact that Defendant Moorhouse was an off-duty police officer, Defendant Moorhouse cites to Plaintiff's Request for Judicial Notice. (Reply at 1.) Plaintiff filed a Request for Judicial Notice in support of his Opposition, asking the Court to take notice of: (i) a copy of the transcript of the 911 call made by Defendant Moorhouse, which was played to the jury and a transcript of which was distributed to jurors in the prosecution of Plaintiff; and (ii) a transcript of Plaintiff's preliminary hearing on a charge of burglary. (Doc. 48, 54.) Plaintiff's request is DENIED. The Court cannot take judicial notice of the underlying facts contained in these documents, as these contents are "subject to reasonable dispute," because they are not "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Accordingly, for the purposes of a 12(b)(6) motion, the Court cannot accept as true that Defendant Moorhouse is a peace officer based on his statements in the 911 call and at Plaintiff's preliminary hearing.

building "with the intent to commit grand or petit larceny or any other felony . . . ." Cal. Pen. Code § 459. Given the facts alleged by Plaintiff, Defendant Moorhouse did not have probable cause to believe that Plaintiff intended to commit larceny or a felony because a "prudent person would [not] have concluded that there was a fair probability" that Plaintiff intended to commit a crime. *Gasho v. United States*, 39 F.3d 1420, 1428 (9th Cir. 1994) (requiring probable cause for the element of specific intent in order to reasonably believe a specific intent crime has occurred).

b. <u>Negligent Infliction of Emotional Distress Claim</u>

Defendant Moorhouse asserts that Plaintiff cannot recover for negligent infliction of emotional distress because Plaintiff himself, rather than a bystander, was allegedly injured by Defendant Moorhouse's actions. (Moorhouse Mot. to Dismiss at 3-4.) However, a claim for negligent infliction of emotional distress may be predicated on another tort, including false imprisonment. *See Torres v. City of Los Angeles*, 548 F.3d 1197, 1205 n.4 (9th Cir. 2008) (noting that the district court had dismissed a claim for negligent infliction of emotional distress because it was predicated on a claim for false arrest, which was also dismissed). Furthermore, as Defendant Moorhouse acknowledges, Plaintiff could proceed on a negligence theory if, as the Court concluded is the case, Defendant Moorhouse owed Plaintiff a duty not to effectuate a Citizen's Arrest under the alleged circumstances. (*See* Moorhouse Mot. to Dismiss at 4.) Because Plaintiff states a valid claim for false imprisonment against Defendant Moorhouse, he also states a valid claim for negligent infliction of emotional distress. Accordingly, Defendant Moorhouse's Motion to Dismiss is DENIED.

**III.    *Defendant Moorhouse's Motion to Strike***

a. <u>Punitive Damages</u>

Defendant Moorhouse brings his motion to strike punitive damages on the basis that the Complaint is ambiguous as to the request for punitive damages, and because Plaintiff is

1  not entitled to such damages as a matter of law.  (Moorhouse Mot. to Strike at 1.)  Under
2  Ninth Circuit law, "Rule 12(f) does not authorize a district court to strike a claim for
3  damages on the ground that such damages are precluded as a matter of law."  *Whittlestone,*
4  *Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974-975 (9th Cir. 2010).  To the extent we consider
5  Defendant Moorhouse's motion to strike Plaintiff's substantive request for punitive
6  damages, we construe it as a motion to dismiss.  *See Rhodes v. Placer Cnty.*, No. 2:09-cv-
7  00489 MCE KJN PS, 2011 WL 1302240, at *20 (E.D. Cal. Mar. 31, 2011) (noting that
8  courts sometimes construe deficient motions to strike as motions to dismiss).

9        Plaintiff's SAC is ambiguous as to the request for punitive damages from Defendant
10 Moorhouse.  Under the claim for false imprisonment against Defendant Moorhouse—the
11 third claim in the SAC— Plaintiff states that he is entitled to punitive damages.  (SAC
12 ¶ 75.)  In his prayer for relief, however, he requests "punitive damages according to proof
13 at trial for the First and Second Causes of Action," claims in which Defendant Moorhouse
14 is not named as a defendant.  On this basis alone, the Court STRIKES Plaintiff's request
15 for punitive damages in Paragraph 75.

16       However, Plaintiff is granted leave to amend his request for punitive damages.  An
17 award for punitive damages requires "clear and convincing evidence that the defendant has
18 been guilty of oppression, fraud, or malice."  Cal. Civ. Code § 3294.  Defendant
19 Moorhouse argues that the allegations do not establish that he acted with malice.
20 (Moorhouse Mot. to Strike at 2.)   However, Plaintiff alleges that Defendant Moorhouse's
21 conduct was malicious.  (SAC ¶ 75.)  Under Rule 9(b), this is sufficient, as "malice, intent,
22 knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R.
23 Civ. P. 9(b).  Moreover, at this stage of litigation, the Court finds it premature to strike (or
24 dismiss) punitive damages on the basis that Plaintiff is not entitled to such an award.

25
26
27
28

b. <u>Attorney's Fees</u>

Plaintiff clarified in his Opposition that he does not seek attorney's fees from Defendant Moorhouse. However, this is not clear from the SAC. Therefore, the Court STRIKES Plaintiff's request for attorney's fees as to Defendant Moorhouse.

**IV. Conclusion**

For the foregoing reasons, the Court (1) DENIES IN PART and GRANTS IN PART County Defendants' Motion to Dismiss; (2) GRANTS Defendant Moorhouse's Motion to Strike; and (3) DENIES Defendant Moorhouse's Motion to Dismiss. Accordingly:

I. Plaintiff's § 1983 claims against the County and Sheriff Hutchens are DISMISSED WITH PREJUDICE.

II. Plaintiff's request for punitive damages in Paragraph 75 of the SAC is STRICKEN, with leave to amend.

III. Plaintiff's request for attorney's fees is STRICKEN as to Defendant Moorhouse.

Plaintiff may file an amended complaint consistent with this Order no later than **February 8, 2012.**

DATED: <u>January 17, 2012</u>

                                                **<u>JOSEPHINE STATON TUCKER</u>**
                                                JOSEPHINE STATON TUCKER
                                          UNITED STATES DISTRICT JUDGE