```
1  David D. Lawrence, Esq. [State Bar No. 123039]
   E-Mail: dlawrence@lbaclaw.com
2  Christina M. Sprenger, Esq. [State Bar No. 205105]
   E-Mail: csprenger@lbaclaw.com
3  Zaynah N. Moussa, Esq. [State Bar No. 265343]
   E-Mail: zmoussa@lbaclaw.com
4  LAWRENCE BEACH ALLEN & CHOI, PC
   1600 North Broadway, Suite 1010
5  Santa Ana, California 92706
   Telephone No.: (714) 479-0180
6  Facsimile No.:  (714) 479-0181
7  Attorneys for Defendants,
   SGT. TIM JANSEN, DEPUTY BRAD CARRINGTON, DEPUTY MICHAEL
8  THOMPSON and DEPUTY MICHELE RODRIGUEZ
```

FILED
CLERK, U.S. DISTRICT COURT
APR - 9 2012
CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

**NOTE CHANGES MADE BY THE COURT**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL W. BAKER,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHELE RODRIGUEZ; BRAD CARRINGTON; TIM JANSEN; MICHAEL THOMPSON; DANNY MOORHOUSE; and DOES 1 to 10, INCLUSIVE,<br><br>    Defendants. | Case No. SACV 11-00138 JST (PJWx)<br><br>STIPULATION *AND* FOR PROTECTIVE ORDER [~~CONDITIONALLY FILED UNDER SEAL PURSUANT TO LOCAL RULE 79-5~~]<br><br>[[Proposed] Order and Notice of Lodging submitted Concurrently Herewith]<br><br>**DISCOVERY MATTER FOR DETERMINATION BY THE HONORABLE MAGISTRATE JUDGE PATRICK J. WALSH** |

IT IS HEREBY STIPULATED AND AGREED TO, by and between the Parties, through their respective counsel of record, that:

**I.   INTRODUCTION AND STATEMENT OF GOOD CAUSE.**

  1.  <u>Plaintiff.</u> Plaintiff is Michael W. Baker ("Plaintiff").

  2.  <u>Defendants.</u> Defendants are Sergeant Tim Jansen, Investigator Michael Thompson, Deputy Brad Carrington, Deputy Michele Rodriguez and Danny Moorhouse.

*NOTE CHANGES AT PAGE 6, ¶ 14.*
*PJW*

3. <u>Receiving Parties.</u> "Receiving Parties" are all parties receiving information from the Party who has designated the confidential material pursuant to this Protective Order.

4. <u>Disclosing Parties.</u> "Disclosing Parties" are all parties or non-parties that designate information or items produced in disclosures or in responses to discovery as "Confidential."

5. <u>Case Summary.</u> This is a case alleging violation of Plaintiff's civil rights resulting from Plaintiff's arrest on August 21, 2009, and the resulting related criminal proceeding.

6. <u>Good Cause Statement And Interests In Favor Of Protective Order.</u>

This Protective Order is necessary to enable the parties to exchange materials that contain sensitive and confidential information not generally known to the public. The confidential information is the subject of significant efforts to maintain its confidentiality, including information which would compromise the integrity of an ongoing homicide investigation if disclosed. The confidential materials are:

A. Patrol Video System Recordings (hereinafter "PVS Recordings") related to the subject incident include statements and information regarding criminal suspects which, if disseminated, would compromise the integrity of the ongoing criminal investigation regarding the disappearance of Plaintiff's grandmother. On the PVS Recordings, Plaintiff discusses the criminal investigation in some detail, speaking with Deputies regarding alleged searches of his residence and seizure of various weapons as a result of that investigation. Further, Plaintiff identifies by name and discusses an individual whom he claims is a suspect in the disappearance and/or homicide of his grandmother. This criminal investigation remains ongoing and would be compromised if these PVS Recordings are disseminated to the public.

In addition, the PVS Recordings contain identifying information regarding third parties, including both civilians and peace officers. Disclosure of PVS Recordings pertaining to the incident implicate significant privacy interests for non-parties

depicted and/or recorded, as well as serious security concerns for the Orange County Sheriff's Department. The PVS Recordings also include dispatch transmissions regarding unrelated law enforcement activity involving non-parties. Further, the PVS Recordings include precise GPS location data that, combined with the location of presumed residents depicted on the video, implicates those individuals' privacy interests in the locations of their personal residences.

Finally, the PVS Recordings provide a clear picture of the secured rear seat portion of an Orange County Sheriff's Department patrol vehicle, including the restraint systems used to secure individuals in the seat. The PVS Recordings also depict the secured vehicle entryway to the Orange County Jail, as well as the exterior of the inmate receiving area. As a result, unfettered dissemination of the patrol video outside this litigation presents a serious security concern with regard to future arrestees' exploitation of potential security vulnerabilities in Orange County Sheriff's Department patrol vehicles and/or the Orange County Jail.

Consequently, the PVS Recordings warrant protection against dissemination outside this litigation.

B. The Audio Recordings contain radio traffic relating to the Orange County Sheriff's Department for the time period that is relevant to the incident. Some of the events and locations referred to on the Audio Recordings do not relate to the incident and violate the privacy rights of third parties.

This Order is necessary to expedite discovery, while maintaining confidential, privileged and private information, to maintain the integrity of ongoing criminal investigations, and to protect parties or persons from annoyance, embarrassment, oppression, or undue burden or expense. Further, disclosure of such information without a Protective Order compromises the privacy and safety of third parties, as well as the integrity of ongoing criminal investigations.

7. <u>Stipulation</u>. The Parties are entering into this Stipulated Protective Order to protect against any improper disclosure or risk of circumvention of law that

might result from disclosure of sensitive and confidential information as described in this Order. To informally resolve this discovery matter, the Parties have agreed to this Stipulated Protective Order that carefully limits the use and dissemination of the Confidential Information.

## II. USE AND DISSEMINATION OF THE CONFIDENTIAL INFORMATION.

8. <u>Confidential Information.</u> This Protective Order shall apply to all Audio Recordings and PVS Recordings to be produced by Defendants in their disclosures pursuant to Federal Rule of Civil Procedure 26 or in response to Requests for Production from Plaintiff (hereinafter "the Confidential Information").

9. <u>Storage Of Confidential Information.</u> Immediately upon production by the Disclosing Party, attorneys for the Receiving Parties shall personally secure and maintain the Confidential Information in their possession. The Confidential Information shall not, under any circumstances, be left in an open or unsecured location where unauthorized persons (such as unauthorized employees of counsel, cleaning personnel, etc.) might have access to them.

10. <u>Confidential Information Legend.</u> The Audio Recordings and PVS Recordings produced by Defendants in this matter are to be designated "confidential material." Such designation shall be made by Defendants' stamping or otherwise marking each DVD/CD as follows:

"CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER, CASE NO. SACV 11-00138 JST (PJWx)."

11. <u>Limitations On Use Of Confidential Information.</u> Attorneys for the Receiving Parties shall not cause or knowingly permit disclosure of the contents of the Confidential Information, in any manner, including orally, beyond the disclosure permitted under the terms and conditions of this Order. Confidential material shall be used solely in connection with the preparation and trial of the within case, *Baker v. Rodriguez et al.*, CASE NO. SACV 11-00138 JST (PJWx), or any related

appellate proceeding, and not for any other purpose, including any other litigation. Confidential material may not be disclosed or produced except as provided in paragraph 12.

12. <u>Persons Authorized To Review Confidential Information.</u> Confidential material may be disclosed or produced only to the following persons:

(a) Counsel for any party and any party to this litigation;

(b) Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in (a).

(c) Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action;

(d) Any outside expert or consultant retained in connection with this action, and not otherwise employed by either party; and

(e) Any "in-house" expert designated by either party to testify at trial in this matter.

Nothing in paragraph 12 is intended to prevent officials or employees of the County of Orange or other authorized governmental officials from having access to the protected material if they would have had access in the normal course of their job duties. Further, nothing in this Order prevents a witness from disclosing events or activities personal to him or her, that is, a witness can disclose to others information previously given to the County of Orange with respect to what he or she saw, heard or otherwise sensed.

13. <u>Applicability Of Order To Other Persons.</u> Each person to whom disclosure is made or the confidential material produced, with the exception of those identified in paragraph 12 who are presumed to know the contents of this Protective Order, shall, prior to the time of disclosure, be provided a copy of this Order by the person furnishing him/her such material, and shall agree on the record or in writing that he/she has read the Protective Order, and that he/she understands the provisions of the Protective Order. Such person also must consent in writing to be subject to

the jurisdiction of the United States District Court with respect to any proceeding relating to enforcement of this Order, including without limitation, any proceeding for contempt. Unless such person's consent is made on the record in this litigation, counsel making the disclosure to any person described above shall retain the original executed copy of said agreement until final termination of this litigation.

14. <u>Court Filings.</u> ~~If any material which is the subject of this Protective Order is presented to this or any other court in any other manner prior to the time of trial, said material shall be lodged under seal in accordance with Local Rule 79-5 et seq., and in an envelope clearly marked as follows:~~

~~"CONFIDENTIAL MATERIAL SUBJECT TO A PROTECTIVE ORDER, CASE NO. SACV 11-00138-JST (PJWx)."~~

15. <u>Return of Confidential Information.</u> At the conclusion of the trial and of any appeal or upon termination of this litigation, all confidential material received under the provisions of this Order (including any copies made and/or any computer materials made or stored) shall be tendered back to the County of Orange. Provisions of this Order insofar as they restrict the disclosure and use of the material shall be in effect until further order of this court, and this Order shall otherwise survive the final termination of this action. This Court shall retain jurisdiction to resolve any dispute concerning the use of the materials disclosed and produced hereunder.

16. The foregoing is without prejudice to the right of any party:

(a) To apply to the court for a further protective order relating to confidential material or relating to discovery in this litigation;

(b) To apply to the court for an order removing the confidential material designation from any material; and

///
///
///

[Handwritten annotation:] The filing of documents under seal is governed by Local Rule 79-5. Any party that seeks to file any documents governed by this protective order, must file a request under Rule 79-5 to file the documents under seal.

STIPULATION FOR PROTECTIVE ORDER

1      (c) To apply to the court for an order compelling production of documents or modification of this Order or for any order permitting disclosure of confidential material beyond the terms of this Order.

IT IS HEREBY STIPULATED.

LAW OFFICE OF LAWRENCE A. WITSOE
LAW OFFICES OF MICHAEL G. NUTTER

Dated: 3/27, 2012   By /s/ Lawrence A. Witsoe
LAWRENCE A. WITSOE
MICHAEL G. NUTTER
Attorneys for Plaintiff

FORD WALKER HAGGERTY & BEHAR

Dated: _____, 2012   By _____
WILLIAM OWENS WOODLAND
Attorney for Defendant,
DANNY MOORHOUSE

LAWRENCE BEACH ALLEN & CHOI, PC

Dated: April 3, 2012   By _____
DAVID D. LAWRENCE
CHRISTINA M. SPRENGER
ZAYNAH N. MOUSSA
Attorneys for Defendants,
SGT. TIM JANSEN, DEPUTY BRAD CARRINGTON, DEPUTY MICHELE RODRIGUEZ, and DEPUTY MICHAEL THOMPSON

7
STIPULATION FOR PROTECTIVE ORDER

1  (c) To apply to the court for an order compelling production of documents
2  or modification of this Order or for any order permitting disclosure of confidential
3  material beyond the terms of this Order.

5  IT IS HEREBY STIPULATED.

LAW OFFICE OF LAWRENCE A. WITSOE
LAW OFFICES OF MICHAEL G. NUTTER

Dated: _____, 2012    By_____
LAWRENCE A. WITSOE
MICHAEL G. NUTTER
Attorneys for Plaintiff

FORD WALKER HAGGERTY & BEHAR

Dated: March 30, 2012    By_____
WILLIAM OWENS WOODLAND
Attorney for Defendant,
DANNY MOORHOUSE

LAWRENCE BEACH ALLEN & CHOI, PC

Dated: _____, 2012    By_____
DAVID D. LAWRENCE
CHRISTINA M. SPRENGER
ZAYNAH N. MOUSSA
Attorneys for Defendants,
SGT. TIM JANSEN, DEPUTY BRAD
CARRINGTON, DEPUTY MICHELE
RODRIGUEZ, and DEPUTY MICHAEL
THOMPSON

IT IS SO ORDERED.
DATED: APRIL 9, 2012

7
STIPULATION FOR PROTECTIVE ORDER

*Patrick J. Walsh*
PATRICK J. WALSH
MAGISTRATE JUDGE