UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL W. BAKER,<br><br>    Plaintiff,<br><br>    vs.<br><br>MICHELLE RODRIGUEZ, et al.,<br><br>    Defendants. | CASE NO. 8:11-cv-138-JST (PJWx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. 91)** |

1

Before the Court is a Motion for Summary Judgment Or, in the Alternative, Summary Adjudication filed by Defendants Sergeant Tim Jansen, Deputy Brad Carrington, and Deputy Michelle Rodriguez ("Defendants") on August 9, 2012.[1] (Mot. ("Motion"), Doc. 91.) Plaintiff Michael Baker filed an opposition on August 24, 2012. (Opp'n, Doc. 123.) Defendants replied. (Reply, Doc. 130.) Having considered the papers and the arguments of counsel at the hearing held on September 7, 2012, and taken the matter under submission, the Court GRANTS Defendants' Motion for Summary Judgment Or, in the Alternative, Summary Adjudication.

I. BACKGROUND

On February 7, 2012, Plaintiff filed his Third Amended Complaint, the operative complaint, asserting four causes of action: violation of civil rights, conspiracy, false imprisonment, and negligent infliction of emotional distress. (Third Am. Compl. ("TAC") at 1, Doc. 60.) However, the third and fourth causes of action (false imprisonment and negligent infliction of emotional distress) were asserted only against former defendant Danny Moorhouse, whom Plaintiff voluntarily dismissed from the lawsuit pursuant to a stipulation approved by the Court on June 18, 2012. (Doc. 88.) Therefore, only the first two causes of action remain.

Essentially, this case arises out of Plaintiff's August 21, 2009, arrest and prosecution for residential burglary. Plaintiff alleges that Defendants violated his constitutional rights—and conspired to do so—by arresting Plaintiff, increasing

---

[1] On August 31, 2012, the Parties filed a stipulation to dismiss Defendant Michael Thompson from the lawsuit, (Doc. 127), which the Court approved on September 4, 2012. (Doc. 135.) Accordingly, Thompson is no longer a party to this lawsuit.

2

his bail (thereby prolonging his incarceration), and withholding exculpatory evidence. (TAC ¶¶ 51-52.)

On the morning of August 21, 2009, Plaintiff entered the garage of Danny Moorhouse's Laguna Niguel, California house through the open garage door. (Defendants' Statement of Undisputed Facts ("SUF") 29, 31, Doc. 91-1; Rodriguez Decl. ¶ 4, Doc. 91-2.) Moorhouse came through the door from his house to his garage and found Plaintiff inside the garage walking toward an area where expensive bicycles and other equipment were visible and accessible. (SUF 29, 31-32.) Moorhouse further stated that Plaintiff appeared startled when he (Plaintiff) saw Moorhouse, and that Plaintiff turned in the opposite direction, causing a piece of carpet under Plaintiff's feet to shift and fold over. (SUF 33-36.)

Moorhouse demanded to know why Plaintiff was in his garage. (Moussa Decl. Ex. D at 11:11-13, Doc. 91-2.) Plaintiff responded that he was looking for his friend Mark Maldonado. (SUF 38.) Plaintiff told Moorhouse that the previous night Plaintiff had dropped his friend Mark Maldonado off at Moorhouse's property. (SUF 37.) Plaintiff further stated that his car was parked a short distance away from Moorhouse's home, where he had spent the night. (Moussa Decl. Ex. K, Doc. 92.) Plaintiff further claimed that his car would not start, so he came to Moorhouse's property to look for Maldonado. (*Id.*)

No one associated with Maldonado lived at Moorhouse's property, and Moorhouse told Plaintiff that he did not believe his story. (SUF 39-41.) Moorhouse called 911 and placed Plaintiff under citizen's arrest. (SUF 29; Moussa Decl. Ex. D at 12:6-16.) Shortly after Moorhouse placed the 911 call, Defendants Carrington and Rodriguez arrived at the scene, and Moorhouse filled out a citizen's arrest form. (SUF 30; Rodriguez Decl. ¶ 11.) Defendant Rodriguez took Plaintiff into custody and placed Plaintiff into her patrol vehicle.

3

While Carrington and Rodriguez were at the Moorhouse residence, another sheriff's deputy located Plaintiff's car, approximately one block from the Moorhouse home. Defendants Carrington and Rodriguez then drove Plaintiff to his car, where Plaintiff executed a consent form, authorizing the deputies to search Plaintiff's car. (SUF 42.)

During the search, Defendant Rodriguez discovered drug paraphernalia and a small amount of marijuana. (*Id.*) Plaintiff then admitted he had used marijuana and heroin earlier that morning. (SUF 43.) Plaintiff was then taken to the Orange County Jail, where he was booked. Plaintiff's bail was set at $50,000, and he was charged with residential burglary and drug possession. (SUF 18-19; Rodriguez Decl. ¶ 15; Moussa Decl. Ex. L., Doc. 91-3.)

After Plaintiff was booked, Defendant Carrington prepared and executed a declaration requesting an increase in Plaintiff's bail from $50,000 to $100,000. (SUF 47.) Carrington listed the following factors in support of the increase: Plaintiff was a "person of interest" in a homicide investigation relating to the disappearance of Plaintiff's grandmother; Plaintiff was the subject of other pending criminal investigations by the Irvine Police Department and the Orange County District Attorney's Office; and Plaintiff was a known drug user and therefore likely to flee the jurisdiction to avoid prosecution. (SUF 48.) None of these factors were untrue. (Carrington Decl. ¶ 6, Doc. 91-2.) The reviewing magistrate approved the bail increase. Plaintiff's bail was subsequently reduced at the preliminary hearing held on September 4, 2009, to $50,000 plus $10,000 on an unrelated charge. (SUF 50-51.)

During the last day of trial on the burglary charge, Plaintiff admitted that probable cause existed for his arrest on the burglary. (SUF 27.) The Orange County District Attorney's office then moved to dismiss the charge "in the

4

interests of justice." (SUF 27-28.) At the time of the dismissal, Plaintiff had been incarcerated for about six months in the Orange County Jail.

## II.   LEGAL STANDARD

In deciding a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in his favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual issue is "genuine" when there is sufficient evidence such that a reasonable trier of fact could resolve the issue in the non-movant's favor, and an issue is "material" when its resolution might affect the outcome of the suit under the governing law. *Anderson,* 477 U.S. at 248. The moving party bears the initial burden of demonstrating the absence of a genuine issue of fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of fact. *Celotex Corp.*, 477 U.S. at 323. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citation and quotation marks omitted). The burden then shifts to the non-moving party to "cit[e] to particular parts of materials in the record" supporting its assertion that a fact is "genuinely disputed." Fed. R. Civ. P. 56(c)(1)(A); s*ee also In re Oracle Corp. Sec. Litig.*, 627 F.3d 376,

387 (9th Cir. 2010) ("non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor").

Finally, as the Ninth Circuit has long acknowledged, "[u]nanswered requests for admissions may be relied on as the basis for granting summary judgment." *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007) (citing *O'Campo v. Hardisty*, 262 F.2d 621, 624 (9th Cir. 1958)).

## III. DISCUSSION

### A. Elements of Plaintiff's claims

To prevail on his Section 1983 claim, Plaintiff must prove at trial that he was "deprived of liberty: (1) under color of law and (2) without due process under the Fourteenth Amendment." *Bretz v. Kelman*, 773 F.2d 1026, 1030 (9th Cir. 1985). A malicious prosecution claim requires that the prosecution "be conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights." *Id.* at 1031. To prove a conspiracy to violate his constitutional rights, Plaintiff must prove "an agreement or meeting of the minds to violate constitutional rights and to be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Crowe v. Cnty. of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (internal quotation marks omitted).

### B. Plaintiff's Deemed Admissions Foreclose His Causes of Action

Federal Rule of Civil Procedure 36(a)(1) states:

> A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(a)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents.

6

Fed. R. Civ. P. 36(a)(1). Under Rule 36(a)(3), if a party fails to respond to a request for admission within 30 days of service, the matter is deemed admitted. Fed. R. Civ. P. 36(a)(3). A matter admitted under Rule 36 "is conclusively established" for purposes of the pending action. Fed. R. Civ. P. 36(b).

      On March, 16, 2012, Defendants served Defendant Carrington's Requests for Admissions, Set One ("RFAs") on Plaintiff. (Moussa Decl. ¶ 8, Doc. 91-2.) Accordingly, Plaintiff's responses to the RFAs were due by April 18, 2012 pursuant to Rule 36(a)(3). (*Id.* ¶ 9.) Plaintiff never requested an extension of time to serve his responses to the RFAs. (*Id.*) On May 8, 2012, more than two weeks after Plaintiff's responses were due, Defendants' counsel provided written notice to Plaintiff's counsel that Plaintiff had yet to serve the responses. (*Id.* ¶ 10; *id.* Ex. H, Doc. 91-3.) On May 23, 2012, Defendants provided Plaintiff with courtesy copies of the RFAs and *again* informed Plaintiff's counsel in writing that Plaintiff's responses had been due on April 18, 2012. (*Id.* ¶ 11; *id.* Ex. H, Doc. 91-3.) Finally, on July 23, 2012, Defendants' counsel provided written notice to Plaintiff's counsel that Defendants would rely on the "written discovery in this case which demonstrates that Plaintiff has no evidence in support of his claims for relief." (*Id.* Ex. J, Doc. 91-3; *id.* ¶ 12.)

      Plaintiff never filed a motion to be relieved from the deemed admissions. Rather, Plaintiff sought ex parte relief on August 23, 2012—more than *four months* after his RFA responses were due, three weeks after Defendants filed the instant motion for summary judgment based in part on the deemed admissions, and one day before Plaintiff's opposition to the motion was due—to shorten the time for hearing on a motion for relief from deemed admissions. (Doc. 119.) The Court denied the ex parte application for a lack of showing of good cause, noting that Plaintiff had "fail[ed] to explain why he waited months after his admissions were due before bringing this as an ex parte application. In other words, any need

for ex parte relief was created by [Plaintiff's] own lack of diligence." (Order Den. Appl., Doc. 126.) Accordingly, the Court holds that the RFAs are deemed admitted under operation of law. *See F.T.C. v. Medicor, L.L.C.*, 217 F. Supp. 2d 1048, 1053 (C.D. Cal. 2002) ("Failure to timely respond to requests for admission results in automatic admission of the matters requested. No motion to establish the admissions is needed because Federal Rule of Civil Procedure 36(a) is self executing.") (internal citations omitted).

Having reviewed Plaintiff's admissions, the Court concludes that Defendants have established that Plaintiff cannot meet his burden of proving each element of his claims at trial. *See 999 v. C.I.T. Corp.*, 776 F.2d 866, 869-70 (9th Cir. 1985) ("Evidence inconsistent with a Rule 36 admission is properly excluded."); *Seminiano v. Xyris Enter., Inc.*, No. CV 10-1673-JST (JEMx), 2011 WL 165377, *3 (C.D. Cal. Jan. 18, 2011) (same, citing *C.I.T. Corp.*, 776 F.2d at 869-70). "An admission that is not withdrawn or amended cannot be rebutted by contrary testimony or ignored by the district court simply because it finds the evidence presented by the party against whom the admission operates more credible." *Cook v. Allstate Ins. Co.*, 337 F. Supp. 2d 1206, 1210 (C.D. Cal. 2004) (quoting *Am. Auto. Ass'n v. AAA Legal Clinic*, 930 F.2d 1117, 1120 (5th Cir. 1991)).

The following Requests for Admissions, *inter alia*, are therefore deemed admitted by Plaintiff:

> Admit that you have no evidence in support of your First Cause of Action ["Violation of Civil Rights"].

> Admit that you have no evidence in support of your Second Cause of Action ["Conspiracy"].

Admit that you have no evidence in support of your contention that Deputy Carrington violated your rights under the United States Constitution.

Admit that you have no evidence in support of your contention that Deputy Rodriguez violated your rights under the United States Constitution.

Admit that you have no evidence in support of your contention that Sergeant Jansen violated your rights under the United States Constitution.

Admit that the audio/video patrol vehicle recording from the subject incident did not negate the finding of probable cause in support of your residential burglary prosecution.

Admit that the audio/video patrol vehicle recording from the subject incident was irrelevant to Deputy Carrington's August 21, 2009 Bail Increase Declaration.

Admit that Deputy Carrington's August 21, 2009 Bail Increase Declaration states that it is based on your flight risk and status as a suspect in unrelated criminal investigations.

Admit that a judicial officer reviewed and approved Deputy Carrington's August 21, 2009 Bail Increase Declaration.

Admit that a judicial officer revised your bail from $50,000 to $100,000 on August 21, 2009.

Admit that you have no evidence in support of your contention that Sergeant Jansen was vested with the sole discretion to approve the police report prepared by Deputy Rodriguez, as alleged in your operative Complaint.

Admit that you have no evidence in support of your contention that Sergeant Jansen approved the police report prepared by Deputy Rodriguez, as alleged in your operative Complaint.

>Admit that you have no evidence in support of your contention that the audio/video recording by the camera located on Deputy Rodriguez's patrol vehicle constitutes exculpatory evidence.
>
>Admit that you have no evidence in support of your contention that Defendant Rodriguez committed perjury, as alleged in your operative Complaint.
>
>Admit that you have no evidence in support of your contention that Defendants violated Plaintiff's constitutional rights by wrongfully withholding exculpatory evidence, as alleged in your operative Complaint.
>
>Admit that you have no evidence in support of your contention that Deputy Rodriguez, Deputy Carrington, Sergeant Jansen, and Deputy Thompson conspired to suppress evidence, as alleged in your operative Complaint.
>
>Admit that you have no evidence in support of your contention that your incarceration was wrongfully prolonged as a result of Defendants' actions.
>
>Admit that you have no evidence in support of your allegation that Defendants combined efforts to prolong Plaintiff's incarceration, as alleged in your operative Complaint.

(Moussa Decl. Ex. G at 2-5, Doc. 91-3.)

Plaintiff has therefore admitted there is *no* evidence: (1) to support either cause of action, (2) that any of the Defendants violated his constitutional rights, (3) that any exculpatory evidence was withheld or perjury committed, (4) that Defendants wrongfully prolonged Plaintiff's incarceration or conspired to do so, or (5) that the Bail Increase Declaration was not *bona fide*. Accordingly, on the basis of the deemed admissions, Defendants have shown that Plaintiff cannot meet his burden at trial on any of his claims. Summary judgment is therefore

10

appropriate. *See Jenkins v. MCI Telecomm. Corp.*, 973 F. Supp. 1133, 1137 (C.D. Cal. 1997) (holding that summary adjudication of plaintiff's claims was appropriate on the basis of deemed admissions to requests for admission that "no evidence" existed to support plaintiff's claims for employment discrimination). *See also Conlon*, 474 F.3d at 621 ("Unanswered requests for admissions may be relied on as the basis for granting summary judgment.").

In light of the Court's determination that summary judgment is proper on the basis of Plaintiff's deemed admissions, the Court does not reach Defendants' other arguments.

## IV.   CONCLUSION

For the reasons set forth above the Court GRANTS Defendants' Motion for Summary Judgment.  Defendants are ORDERED to prepare and submit a proposed judgment consistent with this Order forthwith.  The Final Pretrial Conference, Exhibit Conference and Jury Trial dates are ordered vacated from the Court's calendar.

DATED: September 12, 2012

_____
JOSEPHINE STATON TUCKER
UNITED STATES DISTRICT JUDGE